## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ORALEE SPIVEY,**

      **Plaintiff,**

vs.                                   **CASE NO.:**

**ALLEN CONNER ENTERPRISES, INC., a**
**Florida For Profit Corporation, and GLEN**
**CONNER, Individually,**

      **Defendants.** _____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff, Oralee Spivey, by and through the undersigned attorney, sues the Defendants, Allen Conner Enterprises, Inc., a Florida Corporation, and Glen Conner, Individually, and alleges:

      1.     Plaintiff, Oralee Spivey, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

      2.     Plaintiff, Oralee Spivey was an employee who worked at Defendants' property within the last three years in Polk County, Florida.

      3.     Plaintiff, Oralee Spivey, worked for Defendants at times as a salary paid employee earning $850.00 per week and at other times earning $21.25 per hour.

      4.     Plaintiff, Oralee Spivey, worked as an Office Manager for Defendants.

      5.     Plaintiff, Oralee Spivey, did not have the ability to hire or fire employees.

      6.     Plaintiff, Oralee Spivey, did not have the ability to set the pay rates of other employees.

7.      Plaintiff, Oralee Spivey, did not set the work schedule for other employees.

8.      Plaintiff, Oralee Spivey, did not have any managerial authority over any other employees.

9.      Therefore, at all times material to this cause of action, Plaintiff, Oralee Spivey, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

10.     Defendant, Allen Conner Enterprises, Inc., is a Florida for profit Corporation that operates and conducts business in Polk County, Florida and is therefore, within the jurisdiction of this Court.

11.     According to Florida's Division of Corporations website, Defendant, Allen Conner Enterprises, Inc. lists its principal address as 3633 Century Blvd., Unit #3, Lakeland, Florida 33811. See www.Sunbiz.Org

12.     According to its website, Defendant, Allen Conner Enterprises, Inc., operates by providing exterior home improvement services such as replacement windows and replacement doors, vinyl and fibre cement siding, screen and glass enclosures, sunrooms, carports, pool enclosures, and hurricane shutters. See www.ConnerSince1979.com/about-us/

13.     At all times relevant to this action, Glen Conner was an individual resident of the State of Florida, who owned and operated Allen Conner Enterprises, Inc., and who regularly exercised the authority to: (a) hire and fire employees of Allen Conner Enterprises, Inc.; (b) determine the work schedules for the employees of Allen Conner Enterprises, Inc., and (c) control the finances and operations of Allen Conner Enterprises, Inc.. By virtue of having regularly exercised that authority on behalf of Allen Conner Enterprises, Inc., Glen Conner is/was an employer as defined by 29 U.S.C. § 201, et seq.

2

14.     This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

15.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

16.     During Plaintiff's employment with Defendants, Defendant, Allen Conner Enterprises, Inc., earned more than $500,000.00 per year in gross sales.

17.     Defendant, Allen Conner Enterprises, Inc., employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

18.     During Plaintiff's employment, Defendant, Allen Conner Enterprises, Inc., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as national brand windows, hurricane shutters, pool enclosures materials, pergolas, and other tools/materials used to run the business.

19.     Therefore, at all material times relevant to this action, Defendant, Allen Conner Enterprises, Inc., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

20.     Additionally, Plaintiff, Oralee Spivey, is individually covered under the FLSA.

**FLSA Violations**

21.     At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked

22.     During her employment with Defendant, Plaintiff routinely worked in excess of forty (40) hours per week.

23.     Specifically, Plaintiff routinely worked an average of 45-47 hours per week.

24.     Despite the above, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

25.     Specifically, Defendant had a scheme and practice of switching Plaintiff from salary to hourly on a weekly basis depending on whether she required time off for various health/sick related reasons.

26.     However, if Plaintiff worked in excess of forty (40) hours per week, Defendant would pay Plaintiff her straight salary of $850.00 per week.

27.     If Plaintiff worked fewer than forty (40) hours per week, Defendant would adjust her compensation plan to reflect an hourly rate based on her calculated hourly rate. ($850/40 hours = $21.25/hour)

28.     Due to the above described practice, Defendant cannot claim Plaintiff is an exempt employee.

29.     Based on the above, Plaintiff is entitled to the full time and one-half rate for all hours worked in excess of forty (40) per week.

30.     Plaintiff is entitled to $31.88 per overtime hour worked during her employment with Defendant. ($21.25 x 1.5 = $31.88)

31.     Defendant did not make deductions made in accordance with a bona fide plan, policy or practice of providing compensation for salary lost due to illness.

32.     Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

33.     Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

34.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33 above as though stated fully herein.

35.     Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

36.     During her employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

37.     Plaintiff was paid her regular salary for all hours worked when she worked more than forty (40) hours.

38.     Defendant shifted Plaintiff to an hourly rate when working less than forty (40) hours per week.

39.     Defendants have failed provide accurate overtime compensation for numerous pay periods.

40.     Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

41.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

42.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

43.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, Oralee Spivey demands judgment against Defendants for unpaid

overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this _____ day of November, 2019

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:     (407) 420-1414
Facsimile:     (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff